JOSEPH P. RUSSONIELLO
United States Attorney
THOMAS M. NEWMAN (NYSBN 4256178)
Assistant United States Attorney
 9th Floor Federal Building
 450 Golden Gate Avenue, Box 36055
 San Francisco, California  94102
 Telephone:   (415) 436-6805
 Fax:              (415) 436-6748
 Email: thomas.newman2@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR-08-222-WHA |
|         Plaintiff, ) | NOTICE OF INTENT TO USE |
| ) | SUMMARY-EXPERT TESTIMONY |
|         v. ) | |
| LUKE D. BRUGNARA, ) | |
|         Defendant. ) | |

      COMES NOW the United States of America, by and through, Thomas M. Newman, Assistant U.S. Attorney, Tax Division, hereby gives notice of the following opinion/expert testimony pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G).  The indictment charges defendant Luke Brugnara with making and subscribing to false income tax returns in violation of 26 U.S.C. § 7206(1).  The government's evidence is expected to consist of more than 1,000 pages of documentary evidence, 20 witnesses, and any trial is expected to last nine days. No trial is currently set.  The case is set for status hearing on August 19, 2008.

## **NOTICE**

      The United States intends to introduce summary-expert testimony in the prosecution of the above-referenced matter.  More specifically, near the end of its case-in-chief, the government intends on offering Revenue Agent Lee as a summary-expert witness. Revenue Agent Lee is

*Notice of Intent to Use*
*Summary-Expert Testimony*
*Case No. 08-222-WHA*        1

trained in taxation and accounting. Revenue Agent Lee's education, training, and experience renders him qualified to offer expert/summary testimony relating to the pending tax charges. Revenue Agent Lee' education and training, includes but is not limited to the following:

- B.S. in Accounting, Golden Gate University
  M.S., Taxation, Golden Gate University
  Certified Public Accountant & Certified Fraud Examiner
- Various IRS training including: Individual Income Tax Return training; Corporate Income Tax Return training;

Revenue Agent Lee's experience includes, but is not limited to:

- Examination and audit of hundreds of individual, corporate, partnership, and wagering excise tax returns on behalf of the Internal Revenue Service; determined the validity of income, deductions, or gross wagers on those tax returns, and calculated the correct tax liability based upon the examination findings;
- Review of voluminous bank and business records to determine a correct taxable income and corresponding tax liability; and
- More than twenty-five year experience in tax and accounting.

The Federal Rules of Evidence authorize the use of a summary expert witness if it "will assist the trier of fact to understand the evidence or to determine a fact in issue ..." Fed.R. Evid. 702. The use of a summary expert witness in criminal tax prosecutions has been approved consistently. United States v. Marchini, 797 F.2d 759, 766 (9th Cir. 1986) (approving of the testimony an IRS summary expert that was based on evidence adduced at trial, which included the testimony of the previous witnesses and the governments's exhibits), cert. denied, 479 U.S. 1085 (1987). Expert testimony by an IRS agent that expresses an opinion as to the proper tax consequence of a transaction is admissible evidence. United States v. Clardy, 612 F.2d 1139, 1153 (9th Cir. 1980) (the court has wide discretion to admit IRS expert testimony).

In addition, summary testimony is admissible if it will "make the interrogation and presentation effective for the ascertainment of the truth . . . ." Fed. R. Evid. 611(a); see also United States v. Olano, 62 F.3d 1180, 1203-04 (9th Cir. 1995) (permitting summary witness in

1  fraud case). As noted above, the evidence in this case is voluminous. Because of the
2  voluminous nature of this case, summary testimony relating to the evidence in this case will aid
3  in the effective presentation of the evidence.

4     Revenue Agent Lee will summarize the government evidence on all tax counts. He will
5  discuss and summarize the evidence relating to total capital gains realized following the sale of
6  the properties enumerated in the indictment. In that regard. Mr. Lee will report the capital gains
7  tax due and owing as a result of those sales, which the Defendant blatantly omitted from those
8  returns. In sum, Revenue Agent Lee will discuss and summarize the evidence as it relates to the
9  income tax charges. The opinions of Revenue Agent Lee will be based on evidence admitted at
10 trial, including summaries of voluminous evidence as defined be Federal Rule of Evidence 1006,
11 and testimony of witnesses.

12    In addition, through Revenue Agent Lee, the Government will offer schedules relating to
13 the above summary testimony regarding wages, personal income, and personal income tax
14 computations reflecting the Government's evidence. The final schedules will be prepared based
15 entirely on evidence that has been admitted at trial. The use of such schedules has been approved
16 by the Ninth Circuit. United States v. Soulard, 730 F.2d 1292, 1300 (9th Cir. 1984); United
17 States v. Gardner, 611 F.2d 770, 776 (9th Cir. 1980).

18    The summary schedules and tax computations, because they will reflect only evidence
19 that is admitted at trial, by necessity will not be finalized until shortly before the summary
20 witness's testimony. Copies of these materials will be provided to the Court and defense counsel
21 before Revenue Agent Lee's testimony. Draft schedules were provided to defense counsel on
22 June 30, 2008, and updated on July 3, 2008. The government will provide updated schedules
23 approximately one week prior to the pre-trial conference, and will reflect the tax consequences
24 of the evidence the Government anticipates being admitted at trial and which has been available
25 to the defense during discovery in this matter. The underlying documentary evidence used in
26 creating the ultimate summary schedules and computations for trial will be marked individually
27 as evidence or as part of summary schedules pursuant to Fed. R. Evid. 1006.
28

*Notice of Intent to Use*
*Summary-Expert Testimony*
*Case No. 08-222-WHA*            3

**CONCLUSION**

Given Revenue Agent Lee's qualifications outlined above and the fact that the testimony is relevant and will assist the trier of fact in making a fair determination of this matter, the United States gives notice of its intent to elicit the summary expert testimony discussed herein at the trial of this action.

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

*/s/Thomas M. Newman*
THOMAS M. NEWMAN
Assistant United States Attorney
Tax Division

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was delivered on August 12, 2008, to the CM-ECF system of the United States District Court for the Northern District of California for electronic delivery to all counsel of record.

Kenneth Howard Wine
345 Franklin Street
San Francisco, CA 94102
kenwine@hotmail.com

*/s/Thomas M. Newman*
THOMAS M. NEWMAN

*Notice of Intent to Use*
*Summary-Expert Testimony*
*Case No. 08-222-WHA*                4