**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

LUKE D. BRUGNARA,

    Defendant.
                               /

No. CR 08-0222 WHA

**ORDER VACATING GUILTY PLEA AND SETTING CASE FOR JURY TRIAL**

       Pursuant to a Rule 11(c)(1)(C) plea agreement, defendant Luke D. Brugnara pled guilty to filing a false tax return for the year 2000 in violation of 26 U.S.C. 7206(1). He sold real estate in 2000 but knowingly failed to report the gain in his return for 2000. The plea was taken on May 15, 2009, after the indictment had been pending for thirteen months. Defendant Brugnara had retained counsel with an excellent reputation, was out of custody, and had had many months to prepare for trial.

       The plea was accepted on the eve of trial. The trial date was then vacated. After the trial date was vacated, defendant Brugnara fired his lawyer and asked for a CJA lawyer to aid him in rescinding his plea agreement. Of course, by that point, it was impossible to reinstate the trial date, the calendar slots having been quickly consumed. New CJA counsel would have, at all events, needed time to prepare anew.

New counsel has now moved to vacate the plea and asks for a trial next year in February. The standard governing such a motion appears in Rule 11(d)(2) and requires a "fair and just reason for requesting the withdrawal" before sentencing.

Without doubt, the Ninth Circuit caselaw requires that leave to withdraw guilty pleas be liberally allowed before sentencing. When, however, the *only* reason given for the request is that the plea was not knowing and voluntary, then such a request can be denied when the Court finds the plea was, in fact, voluntary and knowing. *United States v. Garcia*, 401 F.3d 1008, 1012 (9th Cir. 2005). After reading the transcript of the plea colloquy, the Court is convinced and so finds that defendant Brugnara's plea was, indeed, knowing and voluntary. He admitted that he was thinking clearly, among many other admissions relevant to the question. Yes, now he says that he was under stress and apprehension when he pled guilty. That is almost always true for every defendant who pleads guilty. Still, we expect defendants who plead guilty to manage their anxiety, to focus clearly on the decision at hand, and to make a solemn and grave choice. Defendant Brugnara assured the Court that he had done so and was thinking clearly at the time. All agree that the plea colloquy was adequate. No claim of new evidence is made. No argument is made that there have been intervening circumstances. All that is now claimed is that the plea was the product of fear and stress and now defendant thinks, on reflection, that he should go to trial. (It should be noted that in the process of asking for a CJA lawyer, defendant stated that he had been misinformed by his prior counsel as to the effect of the "*Valentino*" decision, a suggestion expressly no longer made by new counsel.[1] There was no contention of overwhelming fear and stress. Now that is the sole contention.)

Although the foregoing plainly militates against the motion, *United States v. Rios-Ortiz*, 830 F.2d 1067, 1069 (9th Cir. 1987), the matter is still one within the Court's discretion. *Garcia*, 401 F.3d at 1011. In exercising that discretion, there is a powerful practical

---

[1] The "*Valentino* ruling" appears to be a reference to *United States v. Valentino,* 19 F.3d 463 (9th Cir. 1994), where the defendant appealed his sentence after having pled guilty to a violation of 26 U.S.C. 7206(1) (the same violation to which Brugnara has pled guilty in this action). In *Valentino*, the Ninth Circuit affirmed the lower court's ruling that interpreted federal sentencing guidelines as requiring the defendant's sentence to be calculated by the amount of under-reported income as opposed to the net loss to the federal government after adjustments. *Id.* at 465 ("The purpose of the guideline rules is to measure the size of the lie, not the size of the government's loss after all corrections in both directions").

2

1 consideration. The plea is pursuant to Rule 11(c)(1)(C). That means that if the ultimate sentence
2 varies from the range in the plea agreement, one side or the other would be entitled to cancel the
3 agreement and require a trial. Given the seriousness of the admissions and proffer already before
4 the Court, and given that the Rule 11(c)(1)(C) range is so much lower than the statutory
5 maximum, it is at least plausible that a higher sentence would be imposed, leading to a
6 cancellation of the plea and a trial delay even worse than were we to cancel the plea now.[2] This is
7 not to say that the sentence will necessarily exceed the plea agreement range. That could only be
8 decided after a fair and thorough sentencing process. But it is reasonable to say that we are
9 already facing a risk of a withdrawn plea due to the inherent nature of a Rule 11(c)(1)(C) plea,
10 the arguable leniency of the proposed sentencing range, and the seriousness of the circumstances
11 already stated to the Court. To exacerbate the situation, even if the Court sentences *within* the
12 plea agreement range, there would likely be an appeal of a refusal to vacate the plea, premised
13 on the circuit's policy of liberality. Finally, if the sentence were *below* the range, then the
14 government might well cancel the plea and sentence. Looking ahead, there are simply too many
15 avenues leading to yet more delay. The practical course is to try the case on the merits and as
16 promptly as practical.

17 If the plea had been an open plea, this consideration would not be present. Given the
18 contingencies under Rule 11(c)(1)(C), a practical course seems best in the discretion of the Court.
19 Trying the case on the merits seems best.

20 To be sure, the government has made an abstract claim of prejudice but has utterly failed
21 to support it. If the proposed plea range were rejected, it is worth adding that the case would have
22 to be tried, perhaps even much later, so any claim of prejudice must be trimmed to size in light of
23 this risk anyway.

24 For the foregoing reasons, the Court exercises its discretion to vacate the plea of guilty
25 entered on May 15, 2009, and hereby reinstates the not guilty plea previously entered. The jury
26 trial shall commence on **FEBRUARY 1, 2010, AT 7:30 A.M.** with a final pretrial conference on

---

[2] The guideline range is not known yet. It would be subject to application of the statutory sentencing factors at all events, such as the need for deterrence. 18 U.S.C. 3553.

3

1  **JANUARY 18, 2010, AT 2:00 P.M.**  Given new counsel's need to come up to speed, the time
2  between now and the trial date shall be excluded under the Speedy Trial Act, the Court finding
3  the need for the continuance outweighs the need of the public or the defendant for a speedier trial.
4  (Please promptly prepare a written stipulation and order.)  A status conference is hereby set for
5  **SEPTEMBER 22, 2009, AT 2:00 P.M.**  Please do *not* present any more Rule 11(c)(C) pleas
6  although, of course, an open plea will always be entertained if seasonably made before trial.
7  Acceptance of responsibility may or may not be available depending on the timing and other
8  circumstances.

10  **IT IS SO ORDERED.**

12  Dated: September 2, 2009.

    WILLIAM ALSUP
    UNITED STATES DISTRICT JUDGE