IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

LUKE D. BRUGNARA,

    Defendant.
                                /

No. CR 08-0222 WHA

**ORDER DENYING ATTORNEY TABACK'S MOTION TO WITHDRAW AS COUNSEL OF RECORD**

        On April 3, 2008, defendant Luke Brugnara was indicted for filing false tax returns for the calendar years 2000, 2001 and 2002 in violation of 26 U.S.C. 7206(1). At his initial appearance on April 17, 2008, he was represented by Attorney Taback and released on his own recognizance. Shortly thereafter Attorney Taback withdrew and was replaced by Attorney Kenneth Wine. Attorney Taback, however, continued on as counsel of record for defendant in a separate criminal prosecution before Judge Chesney, No. 08-CR-0236, still pending. Because the present action is a complex tax prosecution with a large amount of discovery, Attorney Wine asked for and received additional time to prepare in August 2008 and again in September 2008 (Dkt. Nos. 11, 14). Trial was eventually set for June 15, 2009. In short, defendant Brugnara retained counsel with an excellent reputation, was out of custody, and had many months to prepare for trial.

        On the eve of trial, defendant Brugnara pleaded guilty pursuant to a Rule 11(c)(1)(C) plea agreement. The plea was taken on May 15, 2009. Soon after the trial date was vacated, however, he fired Attorney Wine and on June 9 asked for a CJA lawyer to aid him in rescinding his plea agreement. By that point, it was impossible to reinstate his previous trial date both because the

calendar spots had been taken by other matters and because new counsel would have needed time to prepare anew. At all times, defendant remained out of custody.

Instead of obtaining CJA counsel, defendant once again hired Attorney Taback to represent him in this action and to move to vacate the plea. At the hearing on that motion, the Court made clear that it was concerned how much time Attorney Taback would need to "come up to speed on a tax case" to prepare for trial if defendant's motion were granted, given the complex nature of the action and the previous continuances that had been given to Attorney Wine (September 1, 2009, Tr. 10–11). Attorney Taback assured the Court that if a new trial date were set in mid- to late-February 2010, "that would give me enough, five or six months or so to get on top of this case and satisfy my responsibilities to various other clients that I have to service as well" (*id.* at 28). All agreed that the plea colloquy had been adequate. It was doubtful that grounds to withdraw were shown but an order allowed him to withdraw his plea on September 2, 2009. This was done in reliance on Attorney Taback's express and unqualified assurance that he would try the case in February 2010. Trial was promptly set for February 2010, later continued to March 1.

Despite his prior assurances to the Court, Attorney Taback now moves to withdraw as counsel of record. He declares under oath in support of this motion that he was retained and paid specifically to prepare and file a motion to withdraw defendant's guilty plea and, if that motion were not granted, to represent defendant at sentencing. He states under oath that after the motion to withdraw defendant's guilty plea was granted, he entered another written contract with defendant to be paid a trial fee and monies needed for investigation and trial preparation. However, he further declares, no additional payments of any kind have been provided by defendant since that date (Taback Decl. 2–3).

It is clear that the only reason Attorney Taback wishes to withdraw is because of his client's alleged failure to pay. Criminal Local Rule 44-2 states that an attorney who wishes to withdraw must show good cause. The rule specifically states that "[f]ailure of the defendant to pay agreed compensation may not necessarily be deemed good cause." This order finds that good cause has not been shown here.

2

It should have been entirely foreseeable to Attorney Taback in these circumstances that if defendant's motion to withdraw his plea was successful, Attorney Taback would not be allowed to withdraw from the action and would need to proceed to trial. He should have therefore insisted on being paid up-front if the possibility that his client would later fail to pay represented an undue hardship for him. This is especially true given Attorney Taback's history with defendant in this and at least one other case. Before the motion to vacate the plea was granted, Attorney Taback committed to try the case in February 2010 so as to assure the Court that the withdrawal was not a delay tactic. It is entirely fair to hold him to this commitment.

Attorney Taback claims in his motion that defendant's failure to pay has created an irreconcilable conflict between them. At the hearing on November 3, 2009, however, defendant did not agree and in fact agreed that he "loved" his attorney (November 3, 2009, Tr. 6). When asked by the Court whether he wanted Attorney Taback to continue to represent him, defendant answered, "Absolutely. I have no problem with Mr. Taback" (*ibid.*). In light of defendant's statements, Attorney Taback's averment of irreconcilable conflict and animus between himself and defendant appears to be greatly exaggerated.

Finally, Attorney Taback argues that defendant "cannot or will not provide Counsel with adequate funding to prepare for trial and prepare a meaningful defense" (Taback Decl. 3). If defendant honestly qualifies for CJA funding then Attorney Taback should apply for such funds. So far that record has not been developed. In the meantime, Attorney Taback must provide the best defense possible based on the funds that defendant provides for him, and continue to prepare for trial on March 1, 2010.

For the foregoing reasons, Attorney Taback's motion to withdraw as counsel is **DENIED**.

**IT IS SO ORDERED.**

Dated: November 5, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3