# United States District Court

FOR THE
**NORTHERN DISTRICT OF CALIFORNIA**

VENUE: SAN FRANCISCO

FILED 2010 JAN 12 P 3: 26
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CR 08-222 WHA

UNITED STATES OF AMERICA,

V.

LUKE D. BRUGNARA,

DEFENDANT(S).

## SUPERSEDING INDICTMENT

26 U.S.C. § 7206(1) - False Tax Return

26 U.S.C. § 7212 - Obstruction

A true bill.

_____ Foreman

Filed in open court this 12th day of January 2010

_____ Clerk

Bail, $ Summons

AO 257 (Rev. 6/78)

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT  ☒ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location
**NORTHERN DISTRICT OF CALIFORNIA**
SAN FRANCISCO

FILED
2010 JAN 12  P 3:14
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

## OFFENSE CHARGED

26 U.S.C. § 7206(1) - False Tax Return
26 U.S.C. § 7212 - Obstruction

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

**PENALTY:**
26 U.S.C. § 7206(1) - 3 yrs prison; $250,000 fine; 1 year Supervised Release; $100 assessment
26 U.S.C. § 7212 - 3 yrs prison; $250,000 fine; 1 year Supervised Release; $100 assessment

DEFENDANT - U.S.
▶ LUKE D. BRUGNARA

DISTRICT COURT NUMBER
CR-08-0222-WHA

## PROCEEDING
Name of Complaintant Agency, or Person (&Title, if any)

INTERNAL REVENUE SERVICE

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Att'y  ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

SHOW DOCKET NO.

MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on THIS FORM   JOSEPH P. RUSSONIELLO

☒ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y (if assigned)   THOMAS NEWMAN, AUSA, TAX DIV.

## DEFENDANT

**IS NOT IN CUSTODY**
1) ☒ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)
   NORTHERN DISTRICT OF CALIFORNIA

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction
6) ☐ Awaiting trial on other charges   ☐ Fed'l  ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☒ No   If "Yes" give date filed

DATE OF ARREST ▶   Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶   Month/Day/Year

☐ This report amends AO 257 previously submitted

## ADDITIONAL INFORMATION OR COMMENTS

**PROCESS:**
☒ SUMMONS  ☐ NO PROCESS*  ☐ WARRANT   Bail Amount:

If Summons, complete following:
☒ Arraignment  ☐ Initial Appearance

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

**Defendant Address:**
Harris Taback, Esq.
345 Franklin Street
San Francisco, California 94102

Date/Time:

Before Judge:

Comments:

1  JOSEPH P. RUSSONIELLO
   United States Attorney
2
3
4
5
6
7



FILED
2010 JAN 12 P 3: 14
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

8                    UNITED STATES DISTRICT COURT
9                   NORTHERN DISTRICT OF CALIFORNIA
10                      SAN FRANCISCO DIVISION
11
12  UNITED STATES OF AMERICA,        )   No. CR-08-222-WHA
                                     )
13          Plaintiff,                )   VIOLATIONS:
                                     )   26 U.S.C. § 7206(1) (False Tax Return)
14      v.                            )   26 U.S.C. § 7212 (Obstruction)
                                     )
15  LUKE D. BRUGNARA,                )   (FOUR COUNTS)
                                     )
16          Defendant.                )
    _____)

17                    SUPERSEDING INDICTMENT

18  The Grand Jury charges:

19      At all times material to this Indictment, and incorporated by reference in all counts:

20  A.      Defendant.

21      1.      Defendant LUKE D. BRUGNARA is a resident of San Francisco, California, and
22  is the sole owner of Brugnara Properties I, II, III, IV, V, and VI (collectively referred to as
23  "Brugnara Properties.")

24      2.      Defendant is the sole shareholder and owner of Brugnara Corporation (the
25  "corporation").

26      3.      Defendant formed Brugnara Corporation and Brugnara Properties for the purpose
27  of managing commercial rental property that is titled in the name of those entities.

28

*SUPERSEDING INDICTMENT*
*08-222-WHA*

1

B. Brugnara Properties Acquisition And Disposition of Real Properties.

4. The Mission Street Property: Brugnara Properties purchased the commercial rental property located at 810-814 Mission Street, San Francisco, California, on November 29, 1993. On January 5, 2000, Brugnara Properties sold the Mission Street property and recognized gain in the amount of $8,656,936.

5. The Market Street Property: Brugnara Properties purchased the commercial rental property located at 935-939 Market Street, San Francisco, California, on May 7, 1993. On January 13, 2000, Brugnara Properties sold the Market Street property and recognized gain in the amount of $6,484,027.65.

6. The Post Street Property: Brugnara Properties purchased the commercial rental property located at 490 Post Street, San Francisco, California, on January 7, 1998. On May 16, 2001, Brugnara Properties sold the Post Street property and recognized gain in the amount of $21,534,065.

7. The Las Vegas Property: Brugnara Properties purchased the commercial rental property located at 3025 S. Las Vegas Boulevard, Winchester, Nevada, on October 13, 1999. On May 1, 2002, Brugnara Properties sold the one subdivided parcel of the Las Vegas Boulevard property and recognized gain in the amount of for $8,458,399.

8. The San Jacinto Way Properties: Brugnara Properties purchased real property located at 38 San Jacinto Way, San Francisco, California, on June 29, 1994, and the real property located at 36 San Jacinto Way, San Francisco, California, was purchased on October 28, 1994. The property located at 36 San Jacinto Way was sold on October 15, 2002, and $529,975 of gain was recognized. The property located at 38 San Jacinto Way was sold on July 3, 2003, and $530,963 of gain was recognized.

C. Defendant's Tax Reporting of the Brugnara Properties' Transactions.

9. On or about April 18, 2002, Defendant filed with the Internal Revenue Service a Form 1040, U.S. Individual Income Tax Return, for the 2000 calendar year, which had as an attachment a self-created Schedule E, Supplemental Income and Loss Statement, and Schedule K-1, Partner's Share of Income, Deductions, and Credits.

*SUPERSEDING INDICTMENT*
*08-222-WHA*

2

1    10.    On or about April 16, 2002, Defendant filed with the Internal Revenue Service a
2  Form 1040, U.S. Individual Income Tax Return, for the 2001 calendar year, which had as an
3  attachment a self-created Schedule E, Supplemental Income and Loss Statement, and Schedule
4  K-1, Partner's Share of Income, Deductions, and Credits.
5    11.    On or about February 17, 2004, Defendant filed with the Internal Revenue Service
6  a Form 1040, U.S. Individual Income Tax Return, for the 2002 calendar year, which had as an
7  attachment a self-created Schedule E, Supplemental Income and Loss Statement, and Schedule
8  K-1, Partner's Share of Income, Deductions, and Credits.
9    12.    On the self-created Schedule E and Schedule K-1 Brugnara prepared, he includes
10 only two categories of income, including (1) "Rents," and (2) "Other," and four categories of
11 expenses, including (1) "Building Operations, (2) "Depreciation," (3) "Interest and Points, and
12 (4) "Loss Carry Forward."
13   13.    Internal Revenue Service Form Schedule E requires an individual to report rental
14 income and expenses in at least twelve categories for each property. Internal Revenue Service
15 Form Schedule K-1 require an individual to report income received from a partnership or S-
16 corporation that is delineated into eleven categories, including, *inter alia*, rental income, capital
17 gains, and ordinary dividends. In addition, an U.S. Individual Income Tax Return, Form 1040,
18 U.S. Partnership Tax Return, Form 1065, and U.S. Corporation Income Tax Return requires a
19 taxpayer to report income and expenses related to the disposition of each real property held on a
20 Form 4797, including the date the property was acquired and sold, the location, and the amount
21 of capital gain income.
22   14.    Defendant's U.S. Individual Income Tax Returns, Forms 1040, for 2000 and
23 2001, with the self-created Schedule E and Schedule K-1, fail to report detailed expenses for
24 each property, and report no capital gain or dividend income was received following the
25 disposition of the Mission Street, Market Street, Post Street properties during 2000 and 2001.
26 Defendant's U.S. Individual Income Tax Return, Form 1040, for 2002, omits dividend or capital
27 gain income related to the sale of the Las Vegas property.
28

*SUPERSEDING INDICTMENT*
*08-222-WHA*

3

D.  Defendant's Tax Filings.

15.  Defendant falsely claims that his 2000, 2001, and 2002 Individual Income Tax Returns, Forms 1040, include attachments that are sufficient to report the income of expenses of the Brugnara Properties I-VI and Brugnara Corporation. Defendant's 2000, 2001, and 2002 Forms 1040 omits an entity-by-entity accounting of income and expenses delineated in the specific categories required on either a Schedule K, Schedule E, Schedule D, Form 1120, Form 1120S, or Form 1065 for each of the Brugnara Properties entities and Brugnara Corporation. In addition, Defendant has never filed with the IRS corporate income tax returns with this information, in any form. The information Defendant omitted is necessary for a correct computation of the tax due and owing for each year, and the Defendant's failure to supply this information impeded the IRS's efforts in ascertaining the correctness of the tax declared on his returns.

16.  In addition, Defendant has failed to report the payment of his personal expenses by corporate entities as income. During 2000 - 2002, Defendant resided at the real property located at 38 San Jacinto Way, San Francisco, California, which was purportedly owned by Brugnara Corporation. Defendant failed to list the payment of his personal expenses by Brugnara Corporation of, *inter alia*, mortgage payments, utility payments, or property tax payments as a dividend, distribution, or wage income on his 2000, 2001, and 2002 tax returns. Defendant also failed to report as income Brugnara Properties payment of other personal expenses, including, *inter alia*, automobile loan payments, during 2000 - 2002.

///

*SUPERSEDING INDICTMENT*
*08-222-WHA*

4

1  COUNT ONE: (26 U.S.C. § 7206(1)) - (Filing False Tax Return)
2      17.    The allegations made in paragraphs 9 through 16 are hereby realleged and
3  incorporated by reference.
4      18.    On or about April 18, 2002, in the Northern District of California, the defendant,
5                                    LUKE D. BRUGNARA
6  did willfully and knowingly make and subscribe a U.S. Individual Income Tax Return for the
7  2000 calendar year, which was filed with the IRS and verified by the defendant in a written
8  declaration that it was made under the penalties of perjury, which income tax return he did not
9  believe to be true and correct as to every material matter in that said defendant omitted required
10 information, and reported no income related to the disposition of the Market Street and Mission
11 Street properties, and omitted payments of his personal expenses by the corporation or other
12 entity, whereas, he then and there well knew and believed, he was required to report additional
13 information on said tax return, and his income related to the payment of his personal expenses
14 and the sale of the Market Street and Mission Street properties were substantially in excess of the
15 amount reported.
16      In violation of Title 26, United States Code, Section 7206(1).
17
18 COUNT TWO: (26 U.S.C. § 7206(1)) - (Filing False Tax Return)
19      19.    The allegations made in paragraphs 9 through 16 are hereby realleged and
20 incorporated by reference.
21      20.    On or about April 16, 2002, in the Northern District of California, the defendant,
22                                   LUKE D. BRUGNARA
23 did willfully and knowingly make and subscribe a U.S. Individual Income Tax Return for the
24 2001 calendar year, which was filed with the IRS and verified by the defendant in a written
25 declaration that it was made under the penalties of perjury, which income tax return he did not
26 believe to be true and correct as to every material matter in that said defendant omitted required
27 information, and reported no income related to the disposition of the Post Street property, and
28 omitted payment of his personal expenses by the corporation or other entity, whereas, he then and

SUPERSEDING INDICTMENT
08-222-WHA
5

1  there well knew and believed, he was required to report additional information on said tax return,
2  and his income related to the payment of his personal expenses and the sale of the Post property
3  were in excess of the amount reported.
4      In violation of Title 26, United States Code, Section 7206(1).
5
6  COUNT THREE: (26 U.S.C. § 7206(1)) - (Filing False Tax Return)
7      21.    The allegations made in paragraphs 9 through 16 are hereby realleged and
8  incorporated by reference.
9      22.    On or about February 17, 2004, in the Northern District of California, the
10 defendant,
11                         LUKE D. BRUGNARA
12 did willfully and knowingly make and subscribe a U.S. Individual Income Tax Return for the
13 2002 calendar year, which was filed with the IRS and verified by the defendant in a written
14 declaration that it was made under the penalties of perjury, which was filed with the IRS and
15 verified by the defendant in a written declaration that it was made under the penalties of perjury,
16 which income tax return he did not believe to be true and correct as to every material matter in
17 that said defendant omitted required information, and reported no income related to the
18 disposition of the Las Vegas property, and omitted payment of his personal expenses by the
19 corporation or other entity, whereas, he then and there well knew and believed, he was required
20 to report additional information on said tax return, and his income related to the payment of his
21 personal expenses and the sale of the Las Vegas property were substantially in excess of the
22 amount reported.
23     In violation of Title 26, United States Code, Section 7206(1).
24
25
26
27
28 ///

*SUPERSEDING INDICTMENT*
*08-222-WHA*
                        6

COUNT FOUR: (26 U.S.C. § 7212) - (Obstructing Administration of Internal Revenue Laws)

23. That beginning on or about February 18, 1998, and continuing thereafter up to and including August 12, 2005, in the Northern District of California, the defendant,

LUKE D. BRUGNARA

did corruptly endeavor to obstruct or impede the due administration of the internal revenue laws by: (1) failing to file an information or tax return related to Brugnara Corporation, an entity the defendant owned and controlled, for the calendar years 2000 - 2003, inclusive, (2) failing to file an information or tax return related to Brugnara Properties I, an entity the defendant owned and controlled, for the calendar years 2000 - 2003, inclusive, (3) failing to file an information or tax return related to Brugnara Properties II, an entity the defendant owned and controlled, for the calendar years 2000 - 2003, inclusive, (4) failing to file an information or tax return related to Brugnara Properties III, an entity the defendant owned and controlled, for the calendar years 2000 - 2001, inclusive, (5) failing to file an information or tax return related to Brugnara Properties V, an entity the defendant owned and controlled, for the calendar years 2000 - 2003, inclusive, (6) making false statements to IRS agents during summons interviews, including statements that the defendant filed timely individual income tax returns, relied on advice from his advisors as to the correctness of his tax returns, (7) falsely claiming that Brugnara Corporation's tax returns were filed with the IRS, and (8) altering Forms Schedule K, Schedule E, or Form 1120(S) that were filed with defendant's 2000 - 2003 federal tax returns, and (9) omitting information required on those forms, including reporting rent on a property-by-property basis, sales or exchanges of properties, or payments for personal expenses, which impeded the Internal Revenue Service's efforts to determine the tax liability of defendant or the aforementioned entities.

In violation of Title 26, United States Code, Section 7212(a).

///

*SUPERSEDING INDICTMENT*
*08-222-WHA*

7

Dated: Jan 12, 2010

A True Bill

_____
FOREPERSON

JOSEPH P. RUSSONIELLO
United States Attorney

_____
BRIAN STRETCH
Chief, Criminal Section

Approved as to Form:

_____
THOMAS M. NEWMAN
Assistant United States Attorney
Tax Division

*SUPERSEDING INDICTMENT*
*08-222-WHA*

8