IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>LUKE D. BRUGNARA,<br><br>    Defendant.<br>                                                          / | No. CR 08-0222 WHA<br><br>**ORDER RE SCHEDULE FOR DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA** |

Defendant Brugnara has filed a motion to withdraw his guilty plea and noticed the motion for hearing on April 27, 2010. The brief in support of the motion states that his counsel "will supply further point and authorities, specific factual citations to the record, and additional declarations and exhibits, as warranted, in a supplemental filing" (Br. at 7). The government moves for a scheduling order regarding any further briefing and to strike the motion on the grounds that the local rules mandate that motions be filed in a single document.

In order to give the government a fair opportunity to respond to the motion to withdraw his guilty plea, any further submissions by defendant Brugnara in support of his motion must be made no later than **APRIL 13, 2010, AT NOON**. Any opposition must be filed no later than **APRIL 19, 2010, AT NOON**. Any reply by defendant Brugnara must be filed no later than **APRIL 23, 2010, AT NOON**. Because this schedule will remedy any possible prejudice to the government from defendant Brugnara's multiple filings, the motion to strike is **DENIED**.

The government also seeks to strike the declaration of defendant Brugnara's counsel Attorney Brian Getz in support of the motion on the grounds that the government contends that

1  it contains impermissible conclusions and argument.  Criminal Local Rule 47-2 requires
2  declarations in support of motions to conform with the requirements of Civil Local Rule 7-5,
3  which states that declarations "may contain only facts, must conform as much as possible to the
4  requirements of FRCivP 56(e), and must avoid conclusions and argument.  Any statement made
5  upon information or belief must specify the basis therefor."  Rule 56(e), in turn, requires that
6  they be made on personal knowledge, set out facts that would be admissible in evidence, and
7  show that the affiant is competent to testify on the matters stated.

8      The declaration of Attorney Getz violates several of these requirements.  Attorney Getz
9  states that he has "discovered what appears to be meritorious grounds to withdraw a guilty plea"
10 (Getz Decl. at 2).  This is impermissible conclusion and argument.  He states that defendant's
11 "Application to Enter Guilty Plea was not filed out by the Defendant and is defective" (*id.* at 4).
12 He does not state the basis for his personal knowledge of this statement, given that he did not
13 represent defendant at the time the plea was entered.  He further states, "I believe that Mr.
14 Brugnara suffered from diminished capacity and eroded mental condition resulting in
15 inadequate capacity to plead guilty" (*ibid.*).  This statement is improperly argumentative and
16 conclusory and does not specify the basis or information on which it is made.

17     Civil Local Rule 7-5 states that a declaration not in compliance with that rule may be
18 stricken in whole or in part.  For the reasons stated above, the motion to strike the declaration is
19 **GRANTED**.  Attorney Getz may file a new declaration which either omits the offending
20 statements identified above or properly supports them.  All parties must continue to prepare for
21 sentencing as scheduled on May 4, 2010, unless and until defendant's guilty plea is vacated.

23 **IT IS SO ORDERED.**

25 Dated:  March 11, 2010.

        WILLIAM ALSUP
        UNITED STATES DISTRICT JUDGE