~~BRIAN H. GETZ, ESQ. (SBN 85593)
LAW OFFICES OF BRIAN H. GETZ
44 Montgomery Street, Suite 3850
San Francisco, CA 94104
Telephone: (415) 912-5886
Fax: (415) 438-2655~~

~~Attorneys for~~ Defendant
LUKE BRUGNARA

FILED
2010 MAY 17 A 11: 40
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LUKE BRUGNARA,<br><br>Defendant.<br>_____/ | NO. CR 08-0222-WHA<br><br>**DEFENDANT LUKE BRUGNARA'S RESPONSE TO UNITED STATES' SENTENCING MEMORANDUM**<br><br>Date: 5/24/10<br>Time: 2:00<br>Ctrm: Courtroom 9, 19th Floor |

## INTRODUCTION

Defendant Luke Brugnara submits this response to the United States' Sentencing Memorandum ("U.S.'s Memorandum"). This Response supplements Defendant's previously filed Sentencing Memorandum ("Defendant's Memorandum"). To the extent that this Supplemental Memorandum and the previously filed Defendant's Sentencing Memorandum are in conflict, this Supplemental Memorandum controls.

OBJECTIONS

1. The houses and Gilroy properties were owned by corporations (BPVI and Brugnara Corp. ) and cross-collateralized with office building debt. The cars and art were secured by debt for the corporations; i.e. investments not personal use.

2. Federal Judge Montali did not question drawing commensurate compensation from the business account and stated "slavery was abolished 150 years ago" in reference thereto.

3. The issues discussed with Nevada gaming were resolved and answered: the 1992-1999 tax returns were not delinquent and were filed with copies sent to IRS by Nick Shamiyeh. Luke was unaware of audit as neither Luke nor Shamiyeh had heard from IRS for 1 ½ years, the property sold in 1997 was a 1031 exchange, the supply checks were for supplies for the 7 office buildings, the income was estimated and the assets were accurate, the corporate returns were included as a schedule E/K hybrid on Luke's 1040's. Luke never reported/filed tax returns with Lenders different than IRS returns.

4. A broker, not Luke filed Fremont loan package, Fremont was provided correct information prior to funding the loan and made Luke 's loan and was paid off in full. (814 Mission)

5. Luke was cleared by Department of Real Estate in 1991 (20 years ago) of any involvement in fraud regarding woman's false application; the woman's son-in-law was determined by the Department of Real Estate to have done the acts. Luke's sales person License was suspended for 30 days only because he asked the woman for the broker's fee (at the broker's request) and only a broker can request fees.

6. Luke never omitted the sale of 171 2nd street on his 1999 returns. That property was part of a no-cash 1031 exchange with Silver City Casino purchase.

7. The accountants Piercy, Bowler were hired solely for producing a 'pre opening cash statement' for Silver City Casino required by Nevada Gaming Commission. They were not hired to prepare tax returns. Luke fired these accountants over a billing dispute and they are disgruntled and begrudge Luke.

8. All information provided for the report were estimates.

9. Luke never told Crowther to delete any specific files. Luke may have told them to remove his files due to their dispute with Luke over billing.

10. All tax returns submitted to lender by Luke are the same sent to the IRS. The lenders have all lent based on the values of the commercial properties, not Luke's personal tax returns.

11. Income and net worth are unrelated (i.e. appreciation of property value does not equate to income.)

12. The estimate given to Nevada Gaming was an estimate. The California Superior Court fine was specific to only one of the seven corporations.

13. Luke never gave a lender a false return.

14. Luke filed his corporate returns on is 1040's on the schedule E/K; in the civil tax case before Judge Haines, the US Tax Attorneys never alleged fraud (civil or criminal) regarding these returns.

15. In bankruptcy court the account for Brugnara corp. served several entities and was delayed in closing by a few weeks. No fraud occurred. In the $75 million reorganization bankruptcy the two checks (totaling $6k) were used to pay approved

expenses for BPI as required by Judge Montali and approved by the secured creditors.

16. Luke never made a false statement to this court about release conditions. Luke has been working for over a year on the re-purchase of the Las Vegas Shopping Plaza. Luke has signed LOI's for the purchase and a financing commitment from a NYC lender. Luke will produce the documents if the court requests, as soon as Luke is released from custody. Luke has tenants (now) that need to open after Luke closes the purchase.

17. Hallinan-Wine told Luke in 2009 that Charles Lewis can file the returns due until the end of 2010. This was agreed with Tom Newman and Ken Wine.

18. The paintings in the action are only 2 paintings totaling $100k and they were liened with secured debt.

19. Luke did file his tax returns with copies provided to the IRS by Nick Shamiyeh. Current and recently past due returns cannot be filed, as per counsel, until this case is resolved.

20. Luke never forged any documents, in fact Gramercy requested the building manager (not the guard) sign the statement; this was not a loan document as the loan was 2years mature; Gramercy was paid off in full as all Luke's lenders have been.

21. Luke provided lenders with same returns filed with IRS.

22. Nevada Gaming only questioned a draft return which had a negative number that was replaced with another negative return prior to loan funding. There were no problems with the lender who funded the loan and was paid off in full.

23. Luke didn't purchase real estate only with single purpose entities. Brugnara Corp. was not a single purpose entity.

24. Judge Montali ruled in federal court that "slavery was abolished 150 years ago" and Mr. Brugnara is entitled to fair compensation (as drawn from the corporate account historically.)

25. The supplies were used for supplies on the many office buildings (2 million square feet.)

26. The US Tax Court case affirmed Luke's position on the houses.

27. The houses, cars, and art were corporate assets secured and cross collateralized with debt on office properties. They were corporate investments not personal assets.

28. US attorneys continuously try to equate income with net worth. They are distinctly separate. I.e. EBay lost tens of millions for years, but was worth hundreds of millions... etc. land can be worth $100m and have no income...etc...

29. The mortgage on Seacliff was cross-collateralized corporate debt.

30. As stated previously, the LV accountant and Luke had a legal dispute over fees and over-billing; they never were hired for or gave tax advice. They only prepared the 'pre-opening cash statement' for Silver City Casino.

31. Luke never told the LV accountant to delete or hide any file. Luke has/had a dispute with this disgruntled group.

32. Regarding filing due returns, Luke is following counsel's advice and prior counsel's advice.

33. Luke never gave a lender a false return; Luke's building manager provided rent roll statements per instruction of lender who was paid in full. Luke repeated Ken Wine's

information that returns can be filed late for his agreement/discussions with Tom Newman US attorney.

34. The bankruptcy account was closed the month required but needed to pay the $6k due of court ordered expenses of BPI bankruptcy.

35. The Las Vegas Shopping Plaza is still awaiting Luke's closing of the purchase. Luke has written LOI's from the seller and lender as proof.

36. Per the adjustments to the IRS tax loss ($1.9 million) there is no tax loss as $31.2 million of deductions for 2000-2002 were missed by the US attorneys and IRS making tax loss $0.

37. The homes were/are corporate assets secured by corporate debt and cross-collateralized with other corporate commercial property.

38. Luke filed his corporate returns on schedule E/K.

39. The returns mailed were copies and filed timely.

40. The tax loss is $0 as $20million of reconveyances to David Park was missed as deductions as well as other deductions.

41. Luke never wished to settle this case and wants a trial as he was very sick and represented by incompetent counsel (per motion to withdraw plea) on 1/26/2010. Luke does not remember his testimony on 1/26/2010 due to his illness and diminished state of high fever and dehydration. Luke did not commit perjury.

42. Luke never cheated on his taxes for a decade. The US Tax Attorney lost an $11million case (1992-1998) whereas they made the same baseless claims.

43. Luke never hired accountants for tax preparation or tax advice and fired them and is 'at odds' with the LV accountants over a billing dispute.

44. Income and net worth are unrelated.

45. A 0 (time served) sentence should be imposed as Luke is a well respected businessman who has borrowed and paid back lenders over $800 million in full since 1992. Luke is a devoted family man; the father of 4 young children who depend upon and need him every day. Luke is a devoted husband of 20 years married to his college sweetheart, Kay. Luke is a generous benefactor to SF non-profit institutions and is well respected in the community. The taxes disputed in this case are less than 1% of the income; a case that never should have come to criminal court per the prior US attorney Kevin Ryan. This case is 10 years old, when Luke was very young, before the birth of 2 of his children and is a very small numerical issue relative to 20 years of compliance on hundreds of millions of dollars of loans and income. Justice and reasonable leniency should be the course. Time served as the Brugnara family, a good San Francisco family, has suffered enough.

46. All numbers given were estimates for the 'preopening cash statement.' (Nelson Dec.)

47. Never told Crowther to delete specific files. (Crowther Dec.)

## CLOSING STATEMENT

This case is an abuse of power by the US Attorneys on matters that the prior US Attorney refused to prosecute because they are civil. The US Attorneys are attempting to destroy Luke Brugnara and his family by painting an ugly picture based upon inaccurate information. The US Tax attorney spent considerable time and money on a failed tax case covering the preceding 10 years whereas Luke's company was found to owe no taxes, despite the US tax attorneys (including Tom Newman as a US Tax attorney at that time) claiming Luke owed $11million. The US tax attorneys

were wrong on that case as ruled by judge Hanes and they are wrong on this case. When this case was charged two years ago, two days after the US tax case ruling In Luke's favor, the US attorneys claimed Luke owed $17.5million in taxes for years 2000, 2001, and 2002. They went public to the newspapers to besmirch and impede Luke's business with the claim. The US attorney has now reduced that claim by 90% to $1.9million due to their errors, and the truth is it is $0 (a final 10% correction) because they missed a major deduction of reconveyance fees. This case is clearly vindictive prosecution with no regard for Mr. Brugnara or his young family of four children. In total, the US tax attorneys and US attorneys have sued Luke Brugnara and his entities on 15 years claiming $28.5million in taxes and they are wrong by their own current tax loss numbers by over 95%! The US attorneys have now resorted to dirty games with their powers by incarcerating Mr. Brugnara on the eve of the trial on a false threat claim, He was sickened with food poisoning, solitary confinement with murderers, (only 3 hours a week to shower and make a call for one hour.) . The truth is justice and the truth is Luke has a $0 tax loss resulting from significant legal deductions, as he did for the preceding 10 years as adjudicated in Federal court. Luke's four young children have suffered from this tremendously unjust circumstances and I pray the court is impartial and just in seeing what has occurred.

Dated: May 12, 2010                    Respectfully submitted,

                                       ~~LAW OFFICES OF BRIAN H. GETZ~~
                                       ~~Attorneys for~~ Defendant
                                       LUKE BRUGNARA

                                       BY _____

---

DEFENDANT LUKE' BRUGNARA'S RESPONSE TO SENTENCING MEMORANDUM