United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
|     Plaintiff, | No. CR 08-0222 WHA |
|     v. | |
| LUKE D. BRUGNARA, | **ORDER DENYING DEFENDANT'S MOTION FOR EVIDENTIARY HEARING** |
|     Defendant. | |

Defendant Luke Brugnara is scheduled for sentencing on May 24, 2010, having pleaded guilty to filing false tax returns for the calendar years 2000, 2001 and 2002 in violation of 26 U.S.C. 7206(1). He now has filed a *pro se* motion for an evidentiary hearing regarding the amount of defendant's tax loss for those years (Dkt. No. 118). Defendant argues that the amount of tax loss reported in the government's presentence memorandum and the probation presentence report — $1.9 million — is incorrect. Defendant instead asserts that the correct amount of tax loss for those years was zero.

Defendant's attorney Brian Getz, however, subsequently filed a submission stating that no evidentiary hearing is necessary because "[t]he request for the evidentiary hearing on the tax loss cannot be substantiated by any existing witness. There are no witnesses the defense could call in support of the position advanced by Defendant in his pro se filing" (Dkt. No. 123 at 2).

As noted in previous orders, defendant has repeatedly attempted to game the system in this action for purposes of delay by changing attorneys and changing his plea multiple times (*See* Dkt. No. 112). There is no credible basis upon which to now hold an evidentiary hearing

regarding the amount of tax loss. Defendant's motion is not accompanied by any sworn declaration or other evidence in support of his position. His own attorney states that no witnesses can be called to support the motion. Defendant's motion for an evidentiary hearing is **DENIED**.

**IT IS SO ORDERED.**

Dated: May 20, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE