1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

      Plaintiff,

   v.

LUKE D. BRUGNARA,

      Defendant.
_____/

No. CR 08-0222 WHA

**ORDER DENYING DEFENDANT'S
MOTION FOR RELEASE/BAIL
PENDING APPEAL**

Following denial of defendant's motion to the court of appeals for bail pending appeal, given his failure to first present the issue to the district court, defendant moves in this Court for release/bail pending appeal.  In support, defendant primarily relies on the briefing presented to the court of appeals on this issue.  Given that the Court has before it full briefing on this motion — despite the fact that such briefing was originally addressed to the court of appeals — this order finds the motion ripe for decision.

To be entitled to release pending appeal, a defendant bears the burden to prove: "(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . ; and (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in– (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process."  18 U.S.C. 3143(b)(1); *United States v. Montoya*, 908 F.2d 450, 451 (9th Cir. 1990).

Defendant has not carried his burden.  He has not shown by clear and convincing evidence that he is not likely to pose a danger to the safety of any other person or the community if released.  Defendant has a history of doling out threats of violence, and several individuals have obtained restraining orders against him (*see* Dkt. No. 158 Exhs. H and I).  Regarding dangerousness, defendant solely points to the fact that the government did not oppose defendant's self-surrender at sentencing.  Yet that was simply due to the fact that the government had previously agreed in writing to not contest self-surrender (*see* Dkt. No. 145 at 98–103).  Moreover, defendant has not shown by clear and convincing evidence that he is not likely to pose an economic danger to the community.  *See United States v. Reynolds*, 956 F.2d 192, 192 (9th Cir. 1992).  He has made no showing whatsoever regarding his economic dangerousness.

Furthermore, defendant has not carried his burden to raise a substantial question of law or fact likely to result in reversal.  "[T]he word 'substantial' defines the level of merit required in the question raised on appeal, while the phrase 'likely to result in reversal' defines the type of question that must be presented."  *United States v. Handy*, 761 F.2d 1279, 1281 (9th Cir. 1985).  A "substantial question" is one that is "fairly debatable."  *Id.* at 1283.  For the reasons stated in the order denying defendant's motion to withdraw his guilty plea (Dkt. No. 112), the issues presented on appeal do not raise a substantial question of law or fact likely to result in reversal.  The undersigned does not find it "fairly debatable" that defendant should have been allowed to withdraw his second guilty plea.

For the foregoing reasons, defendant's motion for release/bail pending appeal is **DENIED**.  The hearing defendant noticed for April 5, 2011, on the motion is **VACATED**.


**IT IS SO ORDERED.**


Dated:  March 28, 2011.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE