IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LUKE D. BRUGNARA,

    Defendant.

No. CR 08-00222 WHA

**ORDER DENYING MOTION FOR THE RETURN OF PERSONAL PROPERTY**

## INTRODUCTION

Under Federal Rule of Criminal Procedure 41(g), defendant moves for the return of three animal mounts. To date, these mounts remain in the custody of the government following their seizure from defendant's residence. For the reasons stated below, the motion is **DENIED**.

## STATEMENT

Defendant Luke D. Brugnara was convicted of federal tax crimes, served his time, and was on supervised release when a search of his residence was conducted pursuant to court order. This motion arises out of that search. Issued on April 3, 2013, the search warrant provided a list of defendant's artwork and documents relating to business holdings and assets, all to be seized in connection with defendant's reported obstruction of justice. In particular, defendant allegedly tried to sell his potentially valuable artwork after submitting to probation that he owned no assets at all. Defendant has a restitution obligation of $1,904,625.35 as part of the judgment for his federal tax crimes.

On April 5, 2013, federal agents from the Internal Revenue Service and the United States Fish & Wildlife Service executed the search warrant at defendant's residence. In addition to laptop computers, writings, and other documents, the agents seized five animal mounts. Although two of these mounts have been returned to defendant, the remaining three — a black rhinoceros head, a mountain lion, and a red-tailed hawk — have not been, and the government refuses to make that return now.

Accordingly, defendant moves for the return of the three mounts. Having reviewed briefing from both sides, including defendant's reply, the order considers the motion below.

## ANALYSIS

Federal Rule of Criminal Procedure 41(g) provides the governing authority here (emphasis added):

> A person aggrieved by an *unlawful* search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Under this rule, defendant contends that the three mounts should be returned to him because the search warrant did not relate to his possession of those mounts. The seizure of the mounts was thus unlawful, at least in defendant's view. For support, he points to the limited scope of the warrant, which lists the items of artwork and documents to be seized as evidence.

While it is true that none of these items involves the animal mounts specifically, defendant's contention is unavailing. This is because "the police may seize any evidence that is in *plain view* during the course of their legitimate emergency activities." *United States v. Stafford*, 416 F.3d 1068, 1076 (9th Cir. 2005) (emphasis added). Our court of appeals has explained that to "[t]o fall within the plain view exception, two requirements must be met: the officers must be lawfully searching the area where the evidence is found and the incriminatory nature of the evidence must be immediately apparent." As to the second requirement, the focus is on "whether the officers had probable cause to believe that they were associated with criminal

2

activity," based on an objective determination that considers "the actual and/or perceived belief of the law enforcement officer as he . . . engages in search and seizure." *Ibid*.

Here, both requirements are met. Pursuant to the search warrant — which defendant does not challenge — federal agents were lawfully searching defendant's residence when they came across the three mounts. According to one agent's declaration, all three mounts were in plain view on the lowest level of the residence (Colby Decl. ¶ 1). Moreover, the incriminatory nature of the mounts was apparent to two USFWS agents. Based on their recognition of the animal species used for these mounts, as well as their belief and knowledge that the black rhinoceros is an endangered animal under state and federal law, that possession of a mountain lion mount is illegal under state law, and that possession of a migratory bird mount, like that of a red-tailed hawk, is prohibited under federal law, the USFWS agents had probable cause to believe that defendant's possession of the three mounts was illegal when they helped seized these mounts (*id.* ¶¶ 2–4; Baker Decl. ¶¶ 3–5). This seizure was therefore lawful under the plain view exception.

Defendant challenges this by submitting a declaration in his reply, insisting that his possession of the three mounts was lawful under various exceptions to state and federal law. This challenge, however, is immaterial, as the focus is on whether the USFWS agents had probable cause to believe that the mounts were illegal. Indeed, the plain view exception "does not require the officers to *know* that the item seized is illegal." *Stafford*, 416 F.3d at 1076 (emphasis in original).

Defendant also attacks the USFWS's involvement in the search of his residence. According to defendant, the fact that the warrant was issued without any information specific to the mounts "implies that the government (1) did not believe it had probable cause to request a separate search warrant for the mounts from the court; but nevertheless (2) anticipatorily planned to use the search warrant as a means to seize the mounts once it had the search warrant-in-hand authorizing the search for evidence *related to* [defendant's] alleged obstruction of justice" (Reply 3) (emphasis in original).

3

The order is unpersuaded. Defendant's attack does not affect the plain view analysis conducted above. Nor has defendant cited authority from our jurisdiction that limits the seizure of items to the scope of a warrant, even in light of a plain view exception. In fact, the one decision that defendant cites in his reply from our court of appeals makes no mention of the plain view exception. *See United States v. Sedaghaty*, 728 F.3d 885, 912 (9th Cir. 2013). Moreover, defendant himself concedes that if "in the course of executing the search warrant, law enforcement developed sufficient cause to believe that the [five animal mounts] — although not the subject of the search warrant — were illegally possessed by Brugnara, law enforcement would have grounds to seize such items" (Br. 5).

Defendant's motion should also be denied because the mounts are subject to pending criminal investigations. A Rule 41(g) motion "may be denied if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture or *the government's need for the property as evidence continues*." *United States v. Van Cauwenberghe*, 934 F.2d 1048, 1061 (9th Cir. 1991) (emphasis added). To that end, the government reports that the matters concerning the black rhinoceros mount and the mountain lion mount have been referred to the San Francisco District Attorney's Office for investigation and potential prosecution; as to the red-tailed hawk mount, the USFWS is proceeding with a criminal prosecution (Baker Decl. ¶¶ 3–5). The government therefore has a continuing need for the three mounts as evidence in these ongoing investigations and prosecutions.

For this reason, and based on the finding that the seizure of the mounts was lawful, defendant's motion is **DENIED**.

## CONCLUSION

As discussed above, defendant's motion for the return of three animal mounts is **DENIED**.

**IT IS SO ORDERED.**

Dated: January 7, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4