UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>LUKE BRUGNARA,<br>Defendant. | Case No. 08-CR-00222 WHA<br><br>Case No. 14-CR-00306 VC<br><br>**ORDER DENYING DEFENDANT'S REQUEST FOR PRETRIAL RELEASE** |

Luke Brugnara appeared before the duty Magistrate Judge on June 11, 2014, seeking to be released from custody while charged in two connected cases. In case number 08-CR-00222 WHA, Brugnara was previously convicted of three counts of filing a false tax return. He now faces a petition charging that he violated the terms of his supervised release by violating a criminal law while on release. In the new case, number 14-CR-00306, Brugnara is charged by indictment with one count of mail fraud. The fraud alleged in the supervised release petition and the indictment appears to be the same conduct, namely fraud in the acquisition of approximately $11 million in art.

1  Brugnara had a detention hearing in both cases before Magistrate Judge Jacqueline
2  Scott Corley on May 28 and 30, 2014.  At that time, Brugnara was charged by criminal
3  complaint in the new case and had not been indicted.  Judge Corley ordered Brugnara
4  detained.  Dkt. 250.  Because he is charged with a supervised release violation, Brugnara
5  bears the burden of establishing by clear and convincing evidence that he is not a flight risk
6  or a danger to the community.  Fed. R. Crim. P. 32.1; 18 U.S.C. § 3143.  Judge Corley
7  determined that Brugnara did not meet his burden.  Dkt. 250.  She found that Brugnara had
8  not established that he could be released safely into the community and that he had not
9  established that he was amenable to supervision.  *Id.*  Judge Corley's findings were based in
10 part on her observations of Brugnara's demeanor at the May 28 and May 30 hearings.  *Id.*
11 Judge Corley also noted that at the time of the detention hearing, Brugnara was unable to
12 offer any sureties.  *Id.* at 2, 3.

13 At Brugnara's request, the undersigned Magistrate Judge held a bail review hearing
14 on June 11.  Brugnara was represented by Assistant Federal Public Defender Brandon
15 LeBlanc.  The United States was represented by AUSA Doug Sprague.  The hearing
16 confirmed that Judge Corley's detention order was correct and that there is no reason to
17 modify it at this time.  Again, Brugnara has not met his burden of establishing by clear and
18 convincing evidence that he is not a flight risk or a danger to the community.

19 Brugnara did not seek to introduce new evidence to rebut the facts set forth in Judge
20 Corley's detention order.  As a result, there is no need to repeat her analysis.  Brugnara
21 instead suggested two potential sureties, his wife and mother, to secure his release.
22 Brugnara's mother was not present in court due to an illness.  Assuming for purposes of
23 discussion that his wife and mother would be proper sureties, the Court finds that Brugnara
24 has not met his burden.

25 Brugnara's courtroom demeanor, as observed by this Magistrate Judge, again
26 indicated he is not amenable to supervision and that his conduct would not be deterred by a
27 surety or in-home custodian.  Despite repeated admonishments from the Court and his
28 counsel as to his right to remain silent and the consequences of speaking, Brugnara (who

2

was detained in full physical restraints) could not control his emotions and made statements on the record against his own interests.

     Considering all the evidence presented, Brugnara has not met his burden. His motion for release is denied in both cases. In accordance with 18 U.S.C. § 3142(i), Brugnara is committed to the custody of the Attorney General for confinement in a corrections facility.

     IT IS SO ORDERED.

Date: June 12, 2014

_____
Nathanael M. Cousins
United States Magistrate Judge