STEVEN G. KALAR
Federal Public Defender
BRANDON M. LEBLANC
Assistant Federal Public Defender
19th Floor Federal Building
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone: (415) 436-7700
Email: brandon_leblanc@fd.org

Counsel for Defendant Luke Brugnara

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 08-222 WHA |
| Plaintiff, | |
| v. | **DEFENDANT'S MOTION TO VACATE JUNE 16, 2014 EXPEDITED EVIDENTIARY HEARING** |
| LUKE BRUGNARA, | |
| Defendant. | |

## INTRODUCTION

Defendant Luke Brugnara, by and through his counsel, Brandon LeBlanc, and the Office of the Federal Public Defender, hereby moves this Court to vacate the June 16, 2014 evidentiary hearing. *See* Docket Entry Nos. 253, 254.

## PROCEDURAL BACKGROUND

On May 28, 2014, Mr. Brugnara was arrested in San Francisco, California in relation to a criminal complaint charging him with mail fraud, in violation of 18 U.S.C. § 1341. *See* CR 14-306, Docket Entry Nos. 1, 11. Mr. Brugnara made his initial appearance before Magistrate Judge Jacqueline S. Corley on the same day. *See* CR 14-306, Docket Entry No. 5. A detention hearing was scheduled for two days later, to be held on May 30, 2014. *Id.*

1    On the day after his arrest, May 29, 2014, the United States Probation Office, in light of
2  the criminal complaint, filed a Form 12 with this Court, charging Mr. Brugnara with violating the
3  condition of his supervised release that he not commit a new law violation. *See* Docket Entry
4  No. 247. On the following day, Judge Corley ordered Mr. Brugnara detained. See Docket Entry
5  No. 250.

6    On June 3, 2014, two days before he was indicted for the mail fraud charge in CR 14-306,
7  Mr. Brugnara appeared before this Court with respect to the newly-filed Form 12. *See* Docket
8  Entry No. 254. During that hearing, Mr. Brugnara purportedly requested an expedited
9  evidentiary hearing on the alleged supervised release violation. *Id.* This Court, in turn, granted
10 Mr. Brugnara's request and short set an evidentiary hearing for June 16, 2014. *See* Docket Entry
11 Nos. 253, 254.

## MOTION

13   Since that time, undersigned defense counsel has returned to the Northern District from
14 travel abroad and has, over the past week, had the opportunity to meet and confer with his client
15 Mr. Brugnara. And Mr. Brugnara has urged counsel to file the instant motion to vacate the June
16 16, 2104 evidentiary hearing that he previously requested on the grounds that it would be
17 unnecessarily duplicative to go forward with a full-blown evidentiary hearing on the alleged
18 supervised release violation, where the alleged fraudulent conduct-at-issue "in the supervised
19 release petition and the indictment [in CR 14-306] appears to be the same conduct, namely fraud
20 in the acquisition of approximately $11 million in art." *See* Docket Entry No. 264, at 1. In this
21 District, it is fairly routine for pending related or even unrelated criminal charges filed against a
22 supervised releasee to be resolved *prior* to the resolution of a connected Form 12. Here however,
23 in part due to Mr. Brugnara's own request for an expedited hearing, that usual order is being
24 reversed and an evidentiary hearing on the merits of the Form 12 – which will necessarily
25 concern and involve the very same evidence at issue in CR 14-306 – is an unnecessary waste of
26 judicial and prosecutorial resources at this time. It would instead be in the best interest of all

parties to delay the resolution of the Form 12 proceedings pending the resolution of new substantive mail fraud charge in CR 14-306.  *See United States v. Morales-Isabarras*, 745 F.3d 398, 402 (9th Cir. 2014) ("[W]hen the outcome of an ongoing criminal proceeding is directly related to the issue of whether the defendant violated a condition of supervised release, it is 'reasonably necessary' to delay proceedings on the supervised release violation pending resolution of the underlying criminal charge.") (citation omitted); *see also United States v. Daniel*, 2009 WL 2044614, at *1 (S.D. Cal. July 13, 2009) ("Principles of . . . judicial economy support deferring a ruling on the supervised release allegations until after the [court assigned a new substantive charge has] concluded the criminal proceedings against [the] Defendant.").

      Accordingly, at Mr. Brugnara's request and in the interest of conserving precious judicial and prosecutorial resources, undersigned counsel hereby urges this Court to vacate the June 16, 2014 evidentiary hearing.

Dated: June 13, 2014

                                Respectfully submitted,

                                STEVEN G. KALAR
                                Federal Public Defender

                                /S/

                                BRANDON M. LEBLANC
                                Assistant Federal Public Defender