1  MELINDA HAAG (CABN 132612)
   United States Attorney

2
   J. DOUGLAS WILSON (DCBN 412811)
3  Chief, Criminal Division

4  W. DOUGLAS SPRAGUE (CABN 202121)
   Assistant United States Attorney

5
        450 Golden Gate Avenue, Box 36055
6       San Francisco, California 94102-3495
        Telephone: (415) 436-7128
7       FAX: (415) 436-7234
        doug.sprague@usdoj.gov

8
   Attorneys for United States of America

9

10              UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA

12               SAN FRANCISCO DIVISION

13

   UNITED STATES OF AMERICA,         )  CASE NO. CR 08-0222 WHA
14                                    )
              Plaintiff,              )  UNITED STATES' OBJECTION TO MOTION TO
15                                    )  VACATE HEARING
         v.                           )
16                                    )  DATE:    June 16, 2014
   LUKE D. BRUGNARA,                  )  TIME:    8:00 a.m.
17                                    )
              Defendant.              )  Honorable William Alsup
18  _____ )

19        On June 3, 2014, the defendant requested and was granted a prompt hearing regarding supervised

20  release violations alleged by the United States Probation Office.  At approximately 2:25 p.m. on Friday,

21  June 13—the business day prior to scheduled hearing requested by defendant—defendant moved to

22  vacate the hearing.  (Dkt. 267.)  In support of his request, defendant argues it would be "unnecessarily

23  duplicative" to proceed with the evidentiary hearing he requested, and thus "an unnecessary waste of

24  judicial and prosecutorial resources at this time" and "in the best interest of all parties to delay" the

25  prompt hearing he requested.  (*Id*. at 2-3.)  The United States disagrees and objects to defendant's last-

26  minute request.

27        As for prosecutorial resources, moving to delay a hearing on the eve of its occurrence does not

28  preserve such resources.  The defendant requested a prompt hearing, and the United States has and is

                                          1

1    prepared for that hearing.  Preparing for a hearing on the expedited schedule defendant requested

2    necessarily resulted in, among other things, shifting prosecutorial resources, rescheduling other

3    obligations, and now additional time responding to the last-minute motion.  In sum, minimal, if any,

4    prosecutorial resources will be saved by delaying the revocation hearing; indeed, the opposite will be

5    true, because the United States will have to prepare for the hearing again at some point.

6           A related but more important factor is the adverse impact rescheduling the hearing would have

7    on potential witnesses in this matter.  The primary witness in this matter, R.L., is on her way to the Bay

8    Area *from New York* as undersigned government counsel types this response.[1]  Granting defendant's

9    motion would result in significant inconvenience to R.L. and a waste of the taxpayers' money spent to

10   fly her here and to provide lodging for her so she may testify at the hearing defendant requested.

11   Similarly, another witness the United States may call had to change personal family plans—on Father's

12   Day—to return to the Bay Area in time for the hearing defendant requested.  Undersigned government

13   counsel has been informed that change in itinerary came at considerable financial expense as well.

14          The Court, of course, may address defendant's claim that delaying this hearing would conserve

15   judicial resources.  The United States suspects, however, that argument is as unavailing as it is when

16   applied to prosecutorial resources, expenses, and witness inconvenience.

17          Finally, defendant provides string citations to *dicta* in two cases to support his claim of resource

18   conservation.  But those cases are inapposite.  In *United States v. Morales-Isbarras,* 745 F.3d 398 (9th

19   Cir. 2014), the defendant challenged the district court's jurisdiction to revoke a term of supervised

20   release after that term had expired, arguing that the delay in adjudicating the violation allegations was

21   not "reasonably necessary" as used in Title 18, United States Code, Section 3583(i).  *Id.* at 399-400.

22   The Ninth Circuit recognized several instances that could support adjudicating a supervised release

23   violation even after the term of supervised release had expired.  One such instance was if an ongoing

24   criminal proceeding is directly related to the alleged supervised release violation.  While such an

25   instance may support a delayed adjudication, defendant cites no reason adjudication should be, let alone

26

27   _____

28   [1] Undersigned government counsel was out of the office on a family matter yesterday after 2:15 p.m. so could not respond to defendant's motion yesterday, nor would counsel have expected the Court to rule on it in time to alter R.L.'s travel plans if necessary.

must be, delayed.  Similarly, in *United States v. Daniel*, 2009 WL 2044614 (S.D.Cal. July 13, 2009), the issue was whether delaying a federal supervised release adjudication until after resolution of underlying state charges was improper.  In reasoning that principles of comity and judicial economy supported allowing the state charges to proceed first, the District Court noted that the state charges included "attempted murder and assault with a deadly weapon, with a potential life sentence." *Id.* at *1.  The District Court also noted that defendant in that case did not demonstrate any prejudice from the delayed revocation hearing.  The same is true here:  the only prejudice defendant claims is to the Court and the prosecution.

The United States respectfully requests that the evidentiary hearing on defendant's supervised release violation proceed as scheduled.

//

DATED:        June 14, 2014                                Respectfully submitted,

                                                           MELINDA HAAG
                                                           United States Attorney


                                                           _____/s/_____
                                                           W. DOUGLAS SPRAGUE
                                                           Assistant United States Attorney