1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

      Plaintiff,

  v.

LUKE D. BRUGNARA,

      Defendant.

_____/

No. CR 08-00222 WHA

**ORDER DENYING MOTION FOR EVIDENTIARY HEARING**

      On behalf of defendant Luke D. Brugnara, who is now released to a half-way house as he had requested, Attorney Erik Babcock has filed a motion for a further evidentiary hearing, so that the undersigned judge can "declare that Luke Brugnara is not an economic danger and . . . modify his bail conditions forthwith to reflect this conclusion" (Br. 1). The motion further requests that defendant be released to home confinement at the Sea Cliff property, and that he be "allowed to close his current transaction in Las Vegas to support his family and pay the $1.9 million restitution" (*id.* 4) (emphasis in original).

      In connection with the Form 12 proceeding, testimony under oath was taken from several witnesses over the course of more than thirteen hours, including substantial testimony from defendant himself (*see* Dkt. Nos. 275, 279, *and* 280). That Form 12 proceeding demonstrated by clear and convincing evidence that defendant poses an economic danger to the community, based on (among other things) his false representations concerning his financial ability to pay and his intentions and treatment of the artwork, as illustrated by his claims that the multi-million dollar artwork was a "gift" by Ms. Rose Long. This order need not and will not detail all of the evidence from the Form 12 proceeding.

Now, Attorney Babcock moves to revisit that proceeding and hold a new evidentiary hearing, but does so without supplying a single declaration under oath to contradict the testimony from the Form 12 hearing. This is a non-starter. In order to obtain the further evidentiary hearing sought, Attorney Babcock must at minimum provide declarations to support the grounds for reconsideration. This order further notes that there have been at least five hearings on defendant's conditions of pretrial release, not counting the additional hearings before the magistrate judges, and that it was Attorney Babcock who first proposed to release defendant to the half-way house. The Court, with some reservations, went along with that proposal, but Attorney Babcock now criticizes the very relief he previously requested (and attained).

The motion for an evidentiary hearing is **DENIED**. This, however, is without prejudice to a fresh motion properly supported by declarations under oath (or declarations explaining why the witnesses must be subpoenaed and will not give a declaration along with a proffer of what they would be expected to say).

With respect to Attorney Babcock's pithy request for permitting defendant "to close his current transaction in Las Vegas to support his family and pay the $1.9 million restitution," Attorney Babcock is invited to explain the status of this Las Vegas transaction in detail, and to propose conditions for a telephone call by defendant to allow him to "close" this transaction (including provisions to protect the other side in this transaction from fraud). Attorney Babcock appears to represent that all that is needed is to "close" the Las Vegas transaction, implying that all of the details have been worked out, all paperwork has been done, and all that is needed now is a closing ceremony. The Court's recollection from the Form 12 proceeding is to the contrary, namely, that plans for a deal in Las Vegas were extremely preliminary, that not even a tentative deal ever emerged, and that there is nothing in Las Vegas to close. So before permission could possibly be granted to "close" any Las Vegas transaction, counsel must supply details of who is involved in the deal, what the deal is, and what remains to be done to close.

**IT IS SO ORDERED.**

Dated:  September 11, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE