UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>LUKE D. BRUGNARA,<br><br>    Defendant. | )<br>)  CASE NOS. CR 14-0306 WHA<br>)                    CR 08-0222 WHA<br>)<br>)  ~~[PROPOSED]~~ ORDER RE SPECIAL MASTER<br>)<br>)<br>)  Honorable William Alsup<br>)<br>)<br>) |

With the consent of the parties, the Court hereby appoints Ed Swanson as Special Master to review, *in camera*, certain communications between defendant and any attorneys from April 1, 2014, through May 27, 2014, and to take certain further actions if directed by the Court.

The Special Master is directed to undertake the following actions with all reasonable diligence:

(1) obtain from the government any communications already in its possession between defendant and his attorneys dated between April 1, 2014 and May 27, 2014;

(2) obtain from the Court communications returned to the Court pursuant to subpoenas issued to attorneys Harris Taback, Brandon LeBlanc, and Robert Kane;

(3) review all of the materials set forth above;

(4) determine what, if any, communications are not subject to the attorney-client privilege for any reason; in making such a determination, the Special Master shall assume, at least until further notice, that defendant has not yet waived the attorney-client privilege;

(5) file a report by not later than September 30, 2014, confirming that he has completed such review;

1    (6) produce to both parties by September 30, 2014, any non-privileged communications;

2    (7) to the extent the Special Master deems it possible, the Special Master may segregate possibly
3 attorney-client privileged materials by subject matter to aid the Special Master and the Court in the event
4 the Court finds a narrow or limited waiver of the privilege regarding particular subject matter(s); and

5    (8) be prepared to produce to the Court and the parties within one business day all
6 communications otherwise covered by an attorney-client privilege should the Court so order.

7    Unless and until the Court orders otherwise or relieves the Special Master of his duties, the
8 Special Master shall follow the following protocols:

9    The Special Master may communicate *ex parte* with the Court if the Special Master deems it
10 necessary. The Special Master may only communicate *ex parte* with the parties or with the attorneys
11 who have been subpoenaed if the Special Master determines the communication is purely non-
12 substantive (such as, for example, administrative matters relating to opening files or poor copy quality or
13 other non-substantive issues). The Special Master shall keep a record of all communications with the
14 parties or the subpoeanaed attorneys.

15    The Special Master may request that the parties agree to modifications of this Order, and, if
16 agreement is reached, the parties may submit a proposed order modifying this one. If the parties do not
17 agree, or if the Special Master determines it necessary to seek relief *ex parte*, the Special Master may
18 seek modification of this Order from the Court.

19    The Special Master shall be paid $125 per hour for work done pursuant to this Order.
20 Compensation for the Special Master will be paid by the government, pursuant to the procedures
21 established in the United States Attorneys Manual § 3-8.400. The government also will pay any
22 associated fees incurred by the Special Master pursuant to his duties set forth herein. The Special
23 Master shall incur only such fees and expenses as may be reasonably necessary to fulfill his duties under
24 this Order, or such other Orders as the Court may issue.

25    IT IS SO ORDERED.

26

27 DATED: September 16, 2014.

                                              _____
                                              HON. WILLIAM ALSUP
28                                            UNITED STATES DISTRICT JUDGE

4